UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ATTORNEY GENERAL DANA NESSEL,
on behalf of the People of the State of
Michigan, and the STATE OF MICHIGAN,

    Plaintiffs,

CASE NO. _____
HON. _____

**DEFENDANT'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, and 1446
[DIVERSITY JURISDICTION]**

v

FKI HARDWARE, INC., f/k/a HICKORY
HARDWARE, INC., f/k/a BELWITH
INTERNATIONAL, LTD., f/k/a KEELER
BRASS COMPANY,

    Defendant.

Complaint Filed: September 29, 2022
Kent County Circuit Court
Case No. 202209032CE

_____/

Megen E. Miller (P78901)
Polly A. Synk (P63473)
Danielle Allison-Yokom (P70950)
Assistant Attorneys General
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
millerm59@michigan.gov
synkp@michigan.gov
allisonyokomd@michigan.gov
*Attorneys for Plaintiffs*

Charles M. Denton (P33269)
BARNES & THORNBURG LLP
171 Monroe Ave NW, Ste. 1000
Grand Rapids, Michigan 49503
(616) 742-3974
Charles.Denton@btlaw.com
*Attorneys for Defendant*

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant, FKI Hardware, Inc. ("FKI Hardware"), by its undersigned counsel, hereby removes this action from the Circuit Court of Kent County, State

of Michigan, to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1332, 1441, and 1446. Defendant removes on the grounds that complete diversity exists between Plaintiffs, citizens of Michigan, and Defendant FKI Hardware, a citizen of California and Oklahoma. Further, the amount in controversy exceeds $75,000, and the foregoing facts were true when Plaintiffs filed the Complaint.

## THE STATE COURT ACTION

1.  Plaintiffs, Attorney General Dana Nessel on behalf of the People of the State of Michigan and the State of Michigan, commenced a civil action in the Circuit Court of the State of Michigan, Kent County, by filing a Complaint on or about September 29, 2022, titled *Attorney General Dana Nessel, on behalf of the People of the State of Michigan, and the State of Michigan vs. FKI Hardware, Inc.*, Case No. 202209032CE. On October 3, 2022, Defendant's registered agent CT Corporation was served with a copy of the Plaintiffs' Complaint. A copy of all processes, pleadings, and orders served upon FKI Hardware in this action are attached as **Exhibit 1**.

## TIMELINESS

2.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of October 3, 2022, the date on which FKI Hardware was served with a copy of the Complaint, and within one year of the commencement of this action. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

## NATURE OF THE CLAIMS

3.  Plaintiffs assert the following claims against FKI Hardware: liability under Part 201 of the NREPA, natural resource damages under NREPA Part 201, and liability under Part 201 of the NREPA for failure to adequately respond to information request. Defendant denies liability on Plaintiffs' claims.

## THE VENUE REQUIREMENT IS MET

4. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Venue of this removed action is proper in this District under 28 U.S.C. § 1441(a) because this Western District of Michigan encompasses the Kent County Circuit Court where this Complaint was originally filed.

## DIVERSITY OF CITIZENSHIP EXISTS

6. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiffs' claims because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00.

7. At the time the Plaintiffs filed this action and to the present date, complete diversity exists between Plaintiffs and Defendant.

8. The Plaintiffs are citizens of the State of Michigan.

9. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

10. FKI Hardware is a corporation, rendering it a citizen of two states: (1) the State of California, where FKI Hardware is incorporated, and (2) the State of Oklahoma where FKI

Hardware maintains its headquarters. *See* Declaration of William D. Fisher. Plaintiffs' Complaint states the same: "Defendant FKI Hardware, Inc. (FKI Hardware) is a California corporation with its principal place of business in Tulsa, Oklahoma." Compl. ¶ 10.

11. Therefore, diversity of citizenship exists under 28 U.S.C. § 1332.

### THE AMOUNT IN CONTROVERSY IS SATISFIED

12. A removing defendant must show that the amount in controversy requirement is satisfied only by a preponderance of the evidence. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

13. In their Request for Relief, Plaintiffs requested (among a myriad of things) that FKI Hardware conduct response activities, initiate protective measures, pay the State's response activity costs (including enforcement costs and attorney fees), impose a fine of $10,000 for each day of the alleged violation of Part 201 of the NREPA, impose a fine of $1,000 for each day of the alleged noncompliance with EGLE's request for response activities, and impose a fine of $25,000 for each day of the alleged noncompliance with the EGLE information request. *See* Compl. ¶ A-K.

14. Looking at the alleged civil fines alone, even a few days of non-compliance would meet the amount in controversy requirement, and here Plaintiffs allege years of non-compliance.

15. Therefore, based upon the face of Plaintiffs' Complaint, the amount in controversy exceeds $75,000.

### CONCLUSION

16. Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1332 on the basis of diversity of citizenship.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Circuit Court of Kent County, State of Michigan, and is being served upon Plaintiffs.

18. If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

WHEREFORE, Defendant FKI Hardware, pursuant to 28 U.S.C. § 1441 and in compliance with the requirements set forth in 28 U.S.C. § 1446(b), respectfully requests that this matter be removed to the United States District Court for the Western District of Michigan, Southern Division, and requests this Court assume full jurisdiction over this action as provided by law.

Dated: October 31, 2022

Respectfully submitted,

Charles M. Denton (P33269)
BARNES & THORNBURG LLP
171 Monroe Ave NW, Ste. 1000
Grand Rapids, Michigan 49503
Phone: (616) 742-3974
*Attorneys for Defendant*